FULL NAME: Rondel Delbert Gardner

COMMITTED NAME (if different): Delbert Rondel Gardner

FULL ADDRESS INCLUDING NAME OF INSTITUTION: 44570-60th stw PO Box 461 C-2-13G
C-2-13G-Lancaster CA 93539

PRISON NUMBER (if applicable): E71905

26 pages
Added Documents

1st Amended complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GARDNER-Rondel Delbert

PLAINTIFF,

v.

GAVIN, Newsom
Warden
Johnson    et al
DR Ramas cmo Medical Dept.

DEFENDANT(S).

CASE NUMBER: 221cv 01682
*To be supplied by the Clerk*

CIVIL RIGHTS COMPLAINT
PURSUANT TO *(Check one)*
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

FILED
CLERK, U.S. DISTRICT COURT
AUG 26 2021
CENTRAL DISTRICT OF CALIFORNIA
BY DEPT.

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☐ No

2. If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

I have Been treated wrongfully By staf of Medical and Custody, By the CSP-LAC And other instatution Due to FAiling illness And A Bone Deasis that has Not Been Diagnosed and treated in A proper and professional fashion, I'm including Such As my Latest MRI and A Rap Response About Always haveing to wait on the Medical staff to renew my pain medication that's At the most minimum Dose, for Pain for A person in my condition, Besides my Back Problem I have Been Refered to Have surgery By ENT

They Just Renewed my tramadol Today 8/19/21

a. Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it

appealed? Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
   occurred? ☐ Yes     ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes     ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☐ Yes     ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _____

(print plaintiff's name)

who presently resides at _____,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____

(institution/city where violation occurred)

on (date or dates) ___10/17/21___  ___6/17/21___  ___7/17/21___
(Claim I)            (Claim II)        (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant __Dr Ola CP - Surgen__ resides or works at
(full name of first defendant)                    CSP-LAC
__44570~60th St W Lancaster, CA__
(full address of first defendant)
__Chief Physision and Surgen__
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity.

Explain how this defendant was acting under color of law:
__He Agreed to Not Act When I__
__prompted the RAP PANAl Negitivly__

2. Defendant __Dr AFRA P~S 4/9/21__ resides or works at
(full name of first defendant)       CSP~LAC
__44570~60th St W ~Lancaster CA 93539__
(full address of first defendant)
__Facility C Physician P.S__
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
__I Was given MRI He Referred then__
__he did Not see me Again__

3. Defendant __Dr. Hernandez, Gian P.S__ resides or works at
(full name of first defendant)
__44570~60th St W Lancaster CA 93539__
(full address of first defendant)
__Attending Physician__
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
__Ive Been Left to suffer for More__
__than a month without Any Attention__
__By Him, only though the Registerd Nurse and LVN__
__Have I had Any Contact with medical Left to__
__suffer for my Bone illness its Been Almost a__
__month since I SAC ENt Dr. @ Bakersfield__

4.  Defendant _____ resides or works at
    
    _____
    (full name of first defendant)
    
    _____
    (full address of first defendant)
    
    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5.  Defendant _____ resides or works at
    
    _____
    (full name of first defendant)
    
    _____
    (full address of first defendant)
    
    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

I've not been Diagnosised With cancer and I'm left over and over to get cut off my pain medication ultrim that are a vary low pain Reliever and I've had to suffer from the Absence of pain Reliever more than once I've Recieved 2 RVR Rules Violation that I'm going to get Found guilty for And Cusdey not even Treating with my ADA Fundamental Reasonable Treatment it Always Do this or that or suffer the consaquinces like When I was try to tell someone with Authority About the pain medication I was one Being Abruptly Denied and the perscription had Run out

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

even though Dr Ramos Acted Behind the lines of my Not giving the proper treatment he is the CMO of this institution, and the RAP PANEl never Being Reasonable About my medical needs As the Dr Report indicates and the MRI I'm not sure I want these Doctors to operate on me Any more Dr Loanmo Did in 2009 and that has caused a tramandice Adverse Effect on my cirvical Vertabra and my Bone Desase's and the increase Amount of pain and they've Acted indifferent By never Diagnosing I placeing in my Document tm send it By The Dermotologist And it user the word hypogranulosis

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____              _____
        *(Date)*                          *(Signature of Plaintiff)*

1st 2 Amendment Right
All my Claims for Retaliation

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

and the fact that I have to keep Redoing the same issues always Never getting anything Done And with the Now MRI I'm sending I'd Like All my Documents Received copied and Returned along with the complaint my Documented Denail of the right kind of treatment is on 7/13/21 I sent this with a curren sick call slip that has been unANwered, along with words like Stenosis, Kyhosit Hyperkeratosis carcinoma, the Blood test taken a Bakersfield Hospital and the form DD 3 I'm Diagnosol Nbo And this is hard forme to keep Attempting and failing, Ive seen a Neurosurgen At telamed ho Recommend surgery and the rheumatologist Report is included I supposed to be operaited on shortly and I've Been without Paiw medication I'm Left to suffer And Be harrassed if I Question the Officers I was Placed in contAINment Cell Because I Ask to See A Dr. of any kind about my medications Being expired without Any Drs to see me yet About PAIN that UnDeNABle

_____
8/17/21
*(Date)*

_____
*(Signature of Plaintiff)*

And Now Im on A yard full of Misfits such
and My Health is failing Im in Need of Legal
Assistance And I have A little money Not much
Although I do Not even Know how to use the
telephone to Retain A Lawyer, And Im Not
sure how to go About it if it Please the court
I Request again as AN ADA DisABiled AND iN
vary Bad Health the Danger is still here as always
I use A CANe A get Around vary Difficulty

Id like the courts Aid in my legal work
I've A case of Dementia think Due to
My cervical cord Being impinge and my
Nervous System is Not that good it comes
and goes Although Again there The Doctors have
Known About this for years again it medical
Deliberate indifferance that Im Afaid I'll either
become immobility of my Legs and Arms I
wake up in the middle of the Night and cANt
move parts of my Body and my thoughts are
confused At times Times Nita

Respects I end
with the courts
Narrative to send this Please copy and
Return as I have little Access to Library

I will index my included Document

1. MRI Results

2 The Blood test Results

3 Progress notes (RAP) 11/18/2019 Dated

4 A Dementia Patients education materials

5 D A Doctor Report from 2009

6 a s Medical Board Status Report about Dr Lee the medical case now Pending

7 progress notes

8 Document note count in complaint And I'd like the court kindly Respect my Request for Pro Bono and to return complaint in its enterinty, Respectfully as This is my only proof of Service I swear By Oath that All my Document and Evidence are true And my pleadings to the court for Help Are real

Ronald Salmen

8/19/21

8/19/21   Robert Barber

Opiods for Acute Pain, may be only used When there are Risk and Benifits to All Opiods there are several Other Opiods that can Be used Besides Morphine

But if it Please the court I'd Like To Enter into the Discovery point in this case with the Summery Judgement; and a Rule with the courts Permission I'll Ask for it to consider plaintiff Prays that the cours enter into Judgement in favor of Plaintiff as fallows

1. for Compensentory according To proof

2 for punitive damages Accordingly To proof

3. for an Award of interest, actively diny prejudgement interest at the legal Rate

4 for injunctive Relief

5 cost of suit incurred 9

6 such as Relief as the court seem proper and fit Respectfully this DAY of August 19-2021

Robert Barber

**REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE**

**RAP Meeting Date: 7/7/2021**          **Date IAC Received 1824: 6/30/2021**          **1824 Log Number:** LAC-C-21-00486

**Inmate's Name: Gardner, D.**          **CDCR #: E71905**          **Housing:** C2-136

**RAP Staff Present:** S. Rivera, AW ADA, Dr. Ola, Chief Physician and Surgeon, Dr. Porter, Senior Psychologist, M. Mijangos, SSA Health Care Grievances, K. Estrada, AGPA Inmate Appeals, L. Fernandez, Health Care Compliance Analyst, A. Frazier CCII CAMU, K. Gridler, ADA OT, M. Soto, CCI. J. Gonzalez, CCI

**Summary of Inmate's 1824 Request:** Inmate Gardner states when he goes to the doctor for some reason, the nursing staff at the window always only give him part or none of the prescribed medication. Inmate Gardner is requesting for nursing staff to quit mishandling his prescribed medications.

---

Interim Accommodation:

☒   No interim accommodation required:  No irreparable harm.

☐   Interim Accommodation provided (List accommodation and date provided):

☐   RAP rescinding interim accommodation:

---

**FINAL RESPONSE: UNABLE TO PROCESS**

**RAP is unable to process the following request(s):**

☐   Paroled/discharged/transferred.

☐   Refused to cooperate.

☐   Duplicate request.  See CDCR 1824 log #:

☒   Other:   Your request cannot be processed through the Reasonable Accommodation Panel, as it does not meet the criteria of a reasonable accommodation and you are not reporting discrimination based on a disability. Please submit a Health Care Grievance to the Office of Grievance by utilizing a CDCR Form HC- 602.

**Direction if dissatisfied:**  If you disagree with this decision and want to file an appeal, be sure fill out submit a CDCR 602 or 602HC (Blue – sections A & B) within 30 days of this response date and attach a copy of this response along with your CDCR 1824 as supporting documents.

AW S. Rivera
**ADA Coordinator**                    **Signature**                    Date sent to inmate: 7/21/21

To Be Logged

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

105905

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDCR Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Rondal, Delbert GARDNer | F-71965 | C-2-136 | ADI |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

UN Profession Behavier, Dis respect of staff                   APR 07 2021

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):
I WAS SuMMONed to the PAtio By Officer
DiAs the tower C/O of $^w$ he cAlled me
to Just mAke fun of me About A TV.

B. Action requested (If you need more space, use Section B of the CDCR 602-A):
They ClowNed me And laughed At
me Because I ASk for A Flowter TV.
I do NO have on. Because of fiNANces I've
never Aford the Luxury
**Supporting Documents:** Refer to CCR 3084.3.                And Because of my LodAy
☑ Yes, I have attached supporting documents. And Because of my LodAy
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory, CDC 128-G, Classification Chrono):
602 602A - A Document
18 2 39 / 39 / 9 308 45A rmstrog pAtiAN About treatment of
☐ No, I have not attached any supporting documents. Reason: _____

Inmate/Parolee Signature: _____   Date Submitted: 5/10/21

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____  Interview Location: _____
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other _____
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____
Reviewer: _____ (Print Name)  Title: _____  Signature: _____
Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant _____ / _____ / _____ |

BYPASS

STAFF USE ONLY

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____  Date Submitted : _____

**E. Second Level - Staff Use Only**                 Staff – Check One:  Is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:

☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed : _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**F.  If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____  Date Submitted: _____

**G.  Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
   See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**H.  Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions.)

_____

Inmate/Parolee Signature: _____  Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____



**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

**LAC - California State Prison, Los Angeles County**
44750 - 60th Street West
Lancaster, CA 93536-

| | | | | | |
|---|---|---|---|---|---|
| **Patient:** | **GARDNER, DELBERT RONDELL** | | | | |
| DOB/Age/Sex: | 2/8/1959   62 years   Male | | | CDCR #: | E71905 |
| Encounter Date: | 1/24/2020 | | | PID #: | 11041946 |
| Attending: | Hernandez,Gian P&S | | | Referring: | |

---

### *Magnetic Resonance Imaging*

| ACCESSION | EXAM DATE/TIME | PROCEDURE | ORDERING PROVIDER | STATUS |
|---|---|---|---|---|
| | 5/18/2021 09:48 PDT | MRI CERVICAL SPINE W/O CTRST | Afra,Sohail P&S | Auth (Verified) |

**Report**

```
PATIENT NAME:  DELBERT GARDNER
MRN:  11041946
DOB:  02/08/1959
ACCOUNT:  10000002911041946E71905
ORDERING PHYSICIAN:  S Afra
Service Date:  05/18/2021

CLINICAL INDICATION: CERVICAL FUSION

COMPARISON: 10/20/2020

TECHNIQUE: T1 and T2 weighted sagittal and selected axial MR pulse sequences of
the cervical spine.

FINDINGS:

Alignment: Grade 1 spondylolisthesis at C3-4 and C4-5 with rightward curvature
extending from C4 to C7. Mild kyphosis centered at C4-5.

Vertebrae: Status post anterior fusion and instrumentation from C5 to C7.
Susceptibility artifact limits evaluation.

Intervertebral discs: There is degenerative signal loss and narrowing of the
intervertebral discs.

Spinal Cord: The cervical cord displays normal signal intensities and volume.

Structures at the foramen magnum: Unremarkable.

Segmental Analysis:

C2-C3: Unremarkable.

C3-C4: Moderate central canal stenosis due to spondylolisthesis, posterior disc
osteophyte complex, and ligamentum flavum redundancy. Severe left and moderate
```

---

Report Request ID:  44210819                    Print Date/Time:  7/23/2021 10:43 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.

**LAC - California State Prison, Los Angeles County**

Patient:       **GARDNER, DELBERT RONDELL**
DOB/Age/Sex:   2/8/1959    / 62 years      / Male             CDCR: E71905

| *Magnetic Resonance Imaging* |
| --- |

**Report**
right neural foraminal narrowing due to hypertrophic changes.

C4-C5: Spondylolisthesis and posterior disc bulging effaces the ventral CSF space contribute to a mild central canal and severe bilateral neural foraminal stenosis.

C5-C6: Fused level. No central canal stenosis. Mild bilateral neural foraminal narrowing.

C6-C7: Fused level. Severe right neural foraminal stenosis due to hypertrophic changes. Mild central canal stenosis.

C7-T1: Severe bilateral neural foraminal narrowing due to hypertrophic changes. Mild central canal stenosis.

Other:

IMPRESSION:

1. STATUS POST C5-C7 FUSION WITH FINDINGS OF ACCELERATED SEGMENTAL DEGENERATIVE SPONDYLOSIS AS DISCUSSED ABOVE.

Electronically Signed by: CSchultz, MD

Date Signed: 5/18/2021 9:48 AM

---

Report Request ID:    44210819                           Print Date/Time:   7/23/2021 10:43 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.

Patient Name: GARDNER, DELBERT                                                    MRN: E71905
Date of Birth: 2/8/1959                                                          FIN: 1000000101041946E71905

* Auth (Verified) *

Electroencephalography Report                              GARDNER, DELBERT - 501-985-80
* Final Report *
                                                              E 71905

Result Type:        Electroencephalography Report
Result Date:        August 06 2019 12:00 PDT
Result Status:      Auth (Verified)
Result Title:       EEG Procedure - AH
Performed By:       Birdi, MD, Maheep Singh on August 09 2019 08:55 PDT
Verified By:        Birdi, MD, Maheep Singh on August 09 2019 08:55 PDT
Encounter Info:     37201118371, 85, Preadmit

## * Final Report *

**EEG Procedure - AH**

Patient: GARDNER, DELBERT      MRN: 501-985-80      FIN: 37201118371
Age: 60 years   Sex: Male   DOB: 02/08/1959
Author: Birdi, MD, Maheep Singh

EEG report.
Indication:
Seizures.
Technique:
This is a 10–20 international electrode placement EEG recording done using surface electrodes. 21 channels were used. Photic
stimulation was done hyperventilation was not performed. EKG was recorded.
No sedation was used.
Patient was on Keppra 500 mg twice daily.
Description:
This EEG done and the patient was awake and drowsy shows a background activity of about 10 Hz which is bilaterally symmetrical.
There is good occipital alpha which shows attenuation with eyelid opening.
The patient did have an episode of seizure-like activity clinically, but no EEG correlate of spike in wave discharges was noticed.
No spike in wave discharges or sharp waves noticed.
No paroxysmal slowing noticed.
The amplitude of the recording was normal.
There was intermittent slowing into the 6-7 Hz range with decrease in eye blink artifacts suggestive of drowsiness.
No sleep is noticed.
Photic stimulation did not provoke any electrographic seizures.
EKG shows a regular rhythm.
Conclusion:
This EEG done and the patient was awake and drowsy is within normal limits for age. There was no EEG correlate for the clinical
seizure activity noticed. The possibility of pseudoseizures is raised at this time. Clinical correlation is advised.
E.

Signature Line
Electronically signed by: Birdi, MD, Maheep Singh
09-Aug-2019 08:55 PDT

MEDICAL RECORDS

AUG 1 3 2019

RECEIVED

Completed Action List:
* Perform by Birdi, MD, Maheep Singh on August 09 2019 08:55 PDT
* Sign by Birdi, MD, Maheep Singh on August 09 2019 08:55 PDT
* VERIFY by Birdi, MD, Maheep Singh on August 09 2019 08:55 PDT

Printed by:     Serda Quiroz, MA, Cammeil                           Page 1 of 2
Printed on:     08/12/2019 13:56 PDT                                (Continued)

Facility: COR

* Auth (Verified) *



**American Specialty Lab**
20765 Superior Street
Chatsworth, CA 91311
www.aslpathology.com
Phone: (818) 280-5321 Fax: (818) 812-9173
CLIA #05D2043525
Medical Director: Bizhan Bandarchi, MD

*E71905*

---

**Case #: S20-005672**
**Patient: Gardner, Delbert**

DOB: 02/08/1959   Sex: M
Age: 61            MRN:

**Referring Physician:**
Dr. Aram Kechichian
**Location:** My Skin

**Collected:** 09/16/2020
**Received:** 09/17/2020
**Reported:** 09/18/2020

---

### Surgical Pathology Report

**DIAGNOSIS:**

A) Inner Ear, Left:
  -Papillary Dermal Fibroplasia with Adjacent Epidermis Showing Reactive
  Changes (Please see microscopic description).

B) Trap, Left:
  -Dermal Fibroplasia with Chronic Inflammation and Overlying Reactive
  Changes (Please see microscopic description).

Electronically Signed By:


Bizhan Bandarchi, MD

---

**Specimen(s):**
  A)Skin, Shave, Inner Ear, Left:
  B)Skin, Shave, Trap, Left:

**Clinical Information:**
  A-B) R/O BCC

**Gross Description:**
  A) Specimen received in formalin with patient's name and "Left Inner Ear" and consists of a 0.4 X 0.3 cm
  shave of tan skin. Specimen is bisected and submitted entirely in cassette A1.
  B) Specimen received in formalin with patient's name and "Left Trap" and consists of a 0.8 X 0.6 cm
  shave of tan/brown skin. Specimen is trisected and submitted entirely in cassette B1.

**Microscopic Description:**
  A) Sections examined reveal a superficial shave biopsy with a narrow rim of papillary dermis present for
  evaluation that shows fibroplasia, chronic inflammation, hemorrhage and overlying epidermal reactive
  changes. Adjacent epidermis also shows acanthosis with hypergranulosis and hyperkeratosis as well as
  reactive changes. There is no evidence of basal cell carcinoma on sections examined. The above-

CSP-LAC HC Records - Received

OCT 2 3 2020





CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

**LAC - California State Prison, Los Angeles County**
44750 - 60th Street West
Lancaster, CA 93536-

| | | | | |
|---|---|---|---|---|
| **Patient:** | **GARDNER, DELBERT RONDELL** | | | |
| DOB/Age/Sex: | 2/8/1959   62 years   Male | | CDCR #: | E71905 |
| Encounter Date: | 1/24/2020 | | PID #: | 11041946 |
| Attending: | Hernandez,Gian P&S | | Referring: | |

## *Progress Notes*

Document Type:
Document Subject:
Service Date/Time:
Result Status:
Perform Information:
Sign Information:
Authentication Information:

Outpatient Progress Note
OTM telemedicine rheumatology follow-up
4/9/2021 07:37 PDT
Auth (Verified)
Afra,Sohail P&S (4/9/2021 07:42 PDT)
Afra,Sohail P&S (4/9/2021 10:34 PDT)
Afra,Sohail P&S (4/9/2021 10:34 PDT); Afra,Sohail P&S
(4/9/2021 10:34 PDT); Afra,Sohail P&S (4/9/2021 10:12 PDT);
Afra,Sohail P&S (4/9/2021 10:08 PDT)

**Chief Complaint**
OTM telemedicine rheumatology follow-up

**History of Present Illness**
Patient is a 62-year-old male with past medical history including chronic hep C with a high viral load not interested in treatment at the present time.  Hypertension,  COPD, seizure disorder, moderate to severe DDD with C5-C7 fusion with chronic back pain with radiculopathy along with noted diffuse arthralgia with no signs of erosive arthropathy on x-ray with positive rheumatoid factor who is being seen today as an 3/26/2021 OTM telemedicine rheumatology follow-up rheumatology documented the following assessment/plan:

62-year-old male with hepatitis C, high viral load, latent TB status post treatment, status post C-spine fusion C5-C7, anterior with moderate severe DDD, left shoulder fracture, referred with positive rheumatoid factor, joint pains.  ESR/CRP normal and CCP negative.  Positive rheumatoid factor can be seen in hepatitis C.  Patient appears to have multilevel DJD and not RA.  I would like to see the patient back as needed.  Asked patient to discuss with PMD regarding pain management.

**Review of Systems**
Gen: no fever or chills , no wt loss , no NS
CV: no chest pain or palpitations
Pulm: no shortness of breath or cough
GI: no nausea, vomiting, or abdominal pain , no blood in stool
Neuro: no HA, no dizziness

**Physical Exam**

  Vitals & Measurements
T: 36.2 °C (Temporal Artery)  **HR:** 58 (Peripheral)  **RR:** 16  **BP:** 131/84  **SpO2:** 94%
**WT:** 67.8 kg  **WT:** 67.8 kg (Wt dosing)
**General:** Well appearing, in no apparent distress.
**Skin:** No rash or prominent skin lesions.
**Neck:** Supple, painful limited range of motion with anterior scarring
**Heart:** Regular rate and rhythm, with no murmur , rub or gallop

**Problem List/Past Medical History**
Ongoing
  Chronic hepatitis C
  Chronic neck pain
  COPD - Chronic obstructive pulmonary
   disease
  Edentulous
  Facial bone fracture
  Memory difficulty
  Seizure
  Shoulder pain
Historical
  Anemia

**Medications**
Inpatient
  Asmanex HFA 100 mcg/inh inhalation
   aerosol, 200 mcg, 2 puff, Oral,
   BID-KOP
  capsaicin 0.025% topical cream, 1 app,
   Topical, QID-KOP, PRN
  FLUOXETINE HCL 20 MG CAPSULE UD,
   40 mg, 2 cap, Oral, qAM
  FLUOXETINE HCL 20 MG CAPSULE UD,
   40 mg, 2 cap, Oral, qAM
  gabapentin, 300 mg, 1 cap, Oral, TID
  hydrOXYzine pamoate, 50 mg, 1 cap,
   Oral, qAM, PRN
  hydrOXYzine pamoate, 50 mg, 1 cap,
   Oral, qAM, PRN
  ipratropium CFC free 17 mcg/inh
   inhalation aerosol, 17 mcg, 1 puff, Oral,
   QID-KOP, PRN

---

Report Request ID:   44211523

Print Date/Time:   7/23/2021 10:48 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

# MEDICAL BOARD
## OF CALIFORNIA

Protecting consumers by advancing high quality, safe medical care.

**Enforcement Program**
2005 Evergreen Street, Suite 1200
Sacramento, CA 95815-5401
Phone: (916) 263-2528
Fax: (916) 263-2435
www.mbc.ca.gov

Gavin Newsom, Governor, State of California | Business, Consumer Services and Housing Agency | Department of Consumer Affairs

July 14, 2021

DELBERT RONDEL GARDNER CDC# E71905
CALIFORNIA STATE PRISON-LOS ANGELES COUNTY
FACILITY C, BUILDING 2, BED 6
PO BOX 4610
LANCASTER, CA 93539

Dear DELBERT RONDEL GARDNER CDC# E71905:

This letter is to update you on the status of your complaint filed with our office against Dr. STEPHEN MINJAE LEE.

We have received all records and documentation required for a thorough review of your complaint. These documents were forwarded to our medical consultant for review and evaluation. Please see the enclosed brochure for information on the medical consultant review process.

You will be notified in writing of the results of the medical consultant's review.

Thank you for your cooperation and patience.

Sincerely,

Central Complaint Unit
Medical Board of California

Control Number: 8002020071448

## DBC - DEVELOP TAL DISABILITY PROGRAM - SCREENING 1 PS

luded from DDP after Phase # _____

**NCF**     Received passing score on cognitive test: (circle one)   Quick   TONI-3   GAMA   Wechsler

**NDD**     No substantial adaptive support needs from cognitive deficit. No reevaluation without referral.

luded in DDP after C.A.S.E. in Phase # ___IV___

ave a Staff Assistant in disciplinary hearings, classification committee hearings, investigative employee interviews, and
ontacts involving the use of a CDC Form 114-D (administrative segregation reviews and hearings).

**] DD1**    Does not usually require prompts to initiate/complete activities of daily living (ADLs). Inmate may
         need adaptive supports when under unusual stress or in new situations.

**] DD2***    Requires occasional prompts to initiate/complete ADLs. And/or has Victimization Concerns:
         requires housing in a designated DDP building/unit/wing, consistent with case factors.

**] DD3***    Requires frequent prompts to initiate/complete activities of daily living. * Victimization Concerns.

tive Support Needs of DD1, DD2 or DD3 Inmate:

epetition, simple language, and only 1 or 2 step instructions at a time.

inmate extra coaching and reminders to learn new tasks.

te may need prompts to maintain hygiene.

te has basic reading and writing skills, but may need some assistance filling out
R forms correctly

tor interactions with peers as inmate may be prone to
mization.

ible developmental disability before age 18? [ ] Yes/Unknown   [X] No

Kenworthy, Psy.D.

_____
ian/Test administrator (print or stamp)      Licensed Clinician      (if preceding is unlicensed)

ture _____    Signature

t Date:   05/14/09     Institution: COR

RIBUTION:   ORIGINAL PINK:   CENTRAL FILE

BLUE COPY:    UHR/Mental Health
              ASSIGNED CC-1
              C&PR or CC-III
              HOUSING UNIT
              EDUCATION FILE
              I/M ASSIGNMENT OFFICE
              WORK SUPERVISOR
              INMATE

HOUSING

UNIT

PHOTO

For DD1, DD2,
and DD3 only

CDC NUMBER, NAME (LAST, FIRST, MI), AND DATE OF BIR

**Gardner, Delbert**
**E-71905**
**2/08/1959**

and complete, but no guarantee is made to that effect. Drug information contained herein may be time sensitive. Multum information has been compiled for use by healthcare practitioners and consumers in the United States and therefore Multum does not warrant that uses outside of the United States are appropriate, unless specifically indicated otherwise. Multum's drug information does not endorse drugs, diagnose patients or recommend therapy. Multum's drug information is an informational resource designed to assist licensed healthcare practitioners in caring for their patients and/or to serve consumers viewing this service as a supplement to, and not a substitute for, the expertise, skill, knowledge and judgment of healthcare practitioners. The absence of a warning for a given drug or drug combination in no way should be construed to indicate that the drug or drug combination is safe, effective or appropriate for any given patient. Multum does not assume any responsibility for any aspect of healthcare administered with the aid of information Multum provides. The information contained herein is not intended to cover all possible uses, directions, precautions, warnings, drug interactions, allergic reactions, or adverse effects. If you have questions about the drugs you are taking, check with your doctor, nurse or pharmacist.

Copyright 1996-2018 Cerner Multum, Inc. Version: 2.02. Revision Date: 05/23/2018.

Patient education materials

# Dementia

Dementia is a general term for problems with brain function. A person with dementia has memory loss and a hard time with at least one other brain function such as thinking, speaking, or problem solving. Dementia can affect social functioning, how you do your job, your mood, or your personality. The changes may be hidden for a long time. The earliest forms of this disease are usually not detected by family or friends.

Dementia can be:

- Irreversible.
- Potentially reversible.
- Partially reversible.
- Progressive. This means it can get worse over time.

## CAUSES

Irreversible dementia causes may include:

- Degeneration of brain cells (*Alzheimer disease* or *Lewy body dementia*).
- Multiple small strokes (*vascular dementia*).
- Infection (*chronic meningitis* or *Creutzfeldt-Jakob disease*).
- Frontotemporal dementia. This affects younger people, age 40 to 70, compared to those who have Alzheimer disease.
- Dementia associated with other disorders like Parkinson disease, Huntington disease, or HIV-associated dementia.

Potentially or partially reversible dementia causes may include:

- Medicines.
- Metabolic causes such as excessive alcohol intake, vitamin B12 deficiency, or thyroid disease.
- Masses or pressure in the brain such as a tumor, blood clot, or hydrocephalus.



**CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES

**LAC - California State Prison, Los Angeles County**
44750 - 60th Street West
Lancaster, CA 93536-

| | | | |
|---|---|---|---|
| **Patient:** | **GARDNER, DELBERT RONDELL** | | |
| DOB/Age/Sex: | 2/8/1959   62 years   Male | CDCR #: | E71905 |
| Encounter Date: | 1/24/2020 | PID #: | 11041946 |
| Attending: | Hernandez,Gian P&S | Referring: | |

## *Progress Notes*

| | |
|---|---|
| Document Type: | Progress Note-Nurse |
| Document Subject: | Neuro Sx via Telemed |
| Service Date/Time: | 4/22/2021 08:11 PDT |
| Result Status: | Auth (Verified) |
| Perform Information: | Broxton,Kenitra RN (4/22/2021 08:13 PDT) |
| Sign Information: | Broxton,Kenitra RN (4/22/2021 08:13 PDT) |
| Authentication Information: | Broxton,Kenitra RN (4/22/2021 08:13 PDT) |

Encounter Info: Patient Name: DELBERT GARDNER,DOB: 02/08/1959,CDCR: E71905,FIN: 1000000291104194GE71905,Facility: LAC,Encounter Type: Institutional Encounter

Pt seen today by Neuro Surgery Dr. Rahimfar via Telemedicine. Report to follow within 3 business days. x7814

Electronically Signed on 04/22/2021 08:13 AM PDT

_____
Broxton, Kenitra RN, RN

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

**LAC - California State Prison, Los Angeles County**

Patient:     **GARDNER, DELBERT RONDELL**
DOB/Age/Sex:  2/8/1959   / 62 years    / Male              CDCR: E71905

| *Progress Notes* |
|---|

Neurovascular intact.
SKIN: No jaundice.  No rashes.
NEURO: No gross motor deficits. No asterixis.  Fluent speech.  Normal comprehension.
PSYCH: Cooperative, appropriate mood. Normal affect.

Assessment/Plan: 1. RAP related visit/cervical degenerative spondylosis
I reviewed the recent visit with the neurosurgeon.  Patient has a pending follow-up in the next 2 weeks.  All of the recommendations appear to be ordered.  Today I started the patient on Ultram 100 mg twice daily as needed for pain.  I also refilled the capsaicin cream and the topical lidocaine patches.  Patient is in agreement with the plan of care.  Will await the updated recommendations of the neurosurgeon.

**Encounter Info:** Patient Name: DELBERT GARDNER,DOB: 02/08/1959,CDCR: E71905,FIN: 10000002911041946E71905,Facility: LAC,Encounter Type: Institutional Encounter

---

Report Request ID:     44209922                                    Print Date/Time:   7/23/2021 10:32 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

STATE OF CALIFORNIA
**REASONABLE ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 09/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*NDD, DLT, CCCMS, 5.4*

Page 1 of 1

| INSTITUTION (Staff use only) | LOG NUMBER (Staff Use Only) | DATE RECEIVED BY STAFF: |
|---|---|---|
| LAC-C | 21-00508 | JUL 0 8 2021 |

**\*\*\*\*\*\*\*\*\*\*\*TALK TO STAFF IF YOU HAVE AN EMERGENCY\*\*\*\*\*\*\*\*\*\*\***

DO NOT use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC.

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| GARDNER, R. D. | E71905 | N/A | C-2-136 |

INSTRUCTIONS:

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request. Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?**

I cannot understand why my pain Reliever ultrim 2 times a day 2 pills needs to be Refilled Every week I was Reassured By R.N. martinez one town RN Sweeny That this would not

**WHY CAN'T YOU DO IT?**

Happen and its happened 3 times my pain medication Has Ran out or so the Nurses at the window Want me to Believe the They say its says so on the

**WHAT DO YOU NEED?**

computer, And if I ask Any thing About it they claim I'm being Disruptive What is the issue can the LVN Delete the medications perscription orders By the Dr As I Believe they Do To What Purpose I do Not know Although its illegal computer crime _(Use the back of this form if more space is needed)_

| DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY? | Yes ☑ | No ☐ | Not Sure ☐ |
|---|---|---|---|

List and attach documents, if available:

I'll place 2 Document a Request for services, And I've Not Been Able to see Dr. Hernandez

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

| R N Gardner | 7/4/21 |
|---|---|
| **INMATE'S SIGNATURE** | **DATE SIGNED** |

Assistance in completing this form was provided by:

| Last Name | First Name | Signature |
|---|---|---|

I would Like A Reasonable Accommadation Request to modification of Present Computer, Techical Process of ENABLEling the LVN Staff to Over Ride The the Drs presription Orders and Time of the Date's Both Prespibing and the end Date to Be Deleted By whoever either the SENior LVN or the senior on Duty Becouse its Being tampered with, As My Hard Copy Data the 7362 and Other forms of trakking this, I'm sending my Dr. Hernandez had No problem perscribing the trimmadol then when I SAW RN Martinez she had it Refilled for A month And to start off I went man down and it was re presribed for a Emergency A week And I Just saw Nurse Sweeny Who reassured me this would Not happen again, It did, I even had her Ask Dr. Hernandez to make the Dose 3 times A Day instead of 2 it was instead Discontinue All this is costing more money then its saveing Now I have A follow up appointment with Dr About Broken Ankle ??

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

**RAP Meeting Date:** 7/13/2021          **Date IAC Received 1824:** 7/8/2021          **1824 Log Number:** LAC-C-21-00508

**Inmate's Name:** Gardner, D.          **CDCR #:** E71905          **Housing:** C2-136

**RAP Staff Present:** S. Rivera, AW ADA, Dr. Ola, Chief Physician and Surgeon, Dr. Jordan, Senior Psychologist, G. Sabido, SSA Health Care Grievances, A. Ojeda, CCII Inmate Appeals, L. Fernandez, Health Care Compliance Analyst, A. Frazier CCII CAMU, K. Gridler, ADA OT, M. Soto, CCI. J. Gonzalez, CCI, R. Underwood, Education

**Summary of Inmate's 1824 Request:** Inmate Gardner states he can't understand why his pain reliever Ultrim needs to be refilled every week. He states this has happened three times, and his medication has ran out. Inmate Gardner is requesting for his prescription orders to stop being tampered with.

### Interim Accommodation:

☒   No interim accommodation required:  No irreparable harm.

☐   Interim Accommodation provided (List accommodation and date provided):

☐   RAP rescinding interim accommodation:

### FINAL RESPONSE: UNABLE TO PROCESS

**RAP is unable to process the following request(s):**

☐   Paroled/discharged/transferred.

☐   Refused to cooperate.

☐   Duplicate request.  See CDCR 1824 log #:

☒   Other: Your request cannot be processed through the Reasonable Accommodation Panel, as it does not meet the criteria of a reasonable accommodation and you are not reporting discrimination based on a disability. Please submit a Health Care Grievance utilizing a Health Care Grievance form (CDCR-602HC) if you disagree with your medical treatment needs. .

**Direction if dissatisfied**:  If you disagree with this decision and want to file an appeal, be sure fill out submit a CDCR 602 or 602HC (Blue – sections A & B) within 30 days of this response date and attach a copy of this response along with your CDCR 1824 as supporting documents.

AW S. Rivera
**ADA Coordinator**                    Signature                    **Date sent to inmate:**  7/27/2021

* Auth (Verified) *

32

Flowsheet Print Request

Patient: GARDNER, DELBERT
MRN: 501-985-80                  Date Range: 11/11/2019 08:07 PST - 11/19/2019 08:07 PST

| Laboratory Flowsheet | 11/18/2019 03:13 PST |
|---|---|
| **Hematology Results** | |
| WBC | 9.6 |
| RBC | L 4.15 |
| HGB | L 12.2 |
| HCT | L 36.1 |
| MCV | 87.0 |
| MCH | 29.3 |
| MCHC | 33.7 |
| RDW | 13.3 |
| PLT | 223 |
| MPV | 7.1 |
| Auto Neutrophil Percent | 69.4 |
| Auto Lymphocyte Percent | 19.4 |
| Auto Monocyte Percent | 9.4 |
| Auto Eosinophil Percent | 0.8 |
| Auto Basophil Percent | 1.0 |
| Auto Neutrophil Absolute | 6.7 |
| Auto Lymphocyte Absolute | 1.9 |
| Auto Monocyte Absolute | H 0.9 |
| Auto Eosinophil Absolute | 0.1 |
| Auto Basophil Absolute | 0.1 |
| **Chemistry Results** | |
| Sodium Level | 141 |
| Potassium Level | 4.2 |
| Chloride Level | H 108 |
| CO2/Carbon Dioxide | 24 |
| Anion Gap | 9 |
| Glucose, Random | 96 |
| BUN | 12 |
| Creatinine | 0.6 |
| GFR - Non African American | * >60 |
| GFR - African American | >60 |
| BUN/Creat Ratio | H 20 |
| Osmolality, Calculated | 292 |
| Calcium Level | 9.5 |
| Total Protein | 7.1 |
| Albumin Level | 4.5 |
| Globulin Level | 2.6 |
| A/G Ratio | L 1.7 |
| Bilirubin, Total | 0.5 |
| ALP | 55 |
| ALT | 48 |
| AST | H 51 |
| CK, Total | H 993 |
| Troponin I | * <0.010 |

The time limits for submitting appeals and for responses are set forth in § 3084.8.  Particular kinds of appeals are described in § 3084.9.  Screening of appeals is described in § 3084.6.

### C. Exhaustion

Plaintiff's sole remaining claim is for failure to protect him from a substantial risk of serious harm caused by his discontinuance from the EOP program and placement in the general population.  (Compl., Dkt. No. 1 at 5.)  Under the PLRA, Plaintiff was required to exhaust available administrative remedies with respect to this claim before May 5, 2016, the date he commenced this action.  *See McKinney*, 311 F.3d at 1200-01.

Plaintiff alleges in his complaint that he did not file a grievance concerning the facts giving rise to his claims.  (Compl., Dkt. No. 1 at 4.)  Attached to the complaint are two "Rights and Responsibility Statements," dated April 16, 2016, in connection with allegations of misconduct against Lt. Sebok and Dr. Hicks.  (Dkt. No. 1-2 at 2-3.)  However, Plaintiff does not assert, and the forms do not indicate, that they were ever submitted.  A "Rights and Responsibility Statement" must be submitted with a CDCR Form 602 to initiate the appeal process.  *See* 15 Cal. Code Regs. §§ 3084.2(a), 3084.9(i).

The evidence submitted by Defendants confirms that Plaintiff did not submit administrative appeals relating to his claim that Defendants "mis-diagnosed him, placed him in a lower level of care (Enhanced Outpatient Program to Correctional Clinical Case Management System) and he was unable to program because of safety concerns."  (Curiel Decl. ¶¶ 10-11 & Exh. A; Robinson Decl. ¶¶ 7-8 & Exh. A; Voong Decl. ¶¶ 12-14 & Exh. A).  The institutional records do not show *any* administrative appeals by Plaintiff accepted for review during the one-month period between April 6, 2016, the date he was apparently reclassified from EOP to CCCMS, and May 5, 2016, the date he commenced this action.  (*See* Curiel

8

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| PART I:  TO BE COMPLETED BY THE PATIENT |
| --- |
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:      MEDICAL  ☑      MENTAL HEALTH  ☐      DENTAL  ☐      MEDICATION REFILL  ☐

NAME
*GARDNER*

CDCR NUMBER
*E 7/905*

HOUSING
*C-2-136*

PATIENT SIGNATURE
*Ron Gardner*

DATE
*7/3/21*

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)  *I Recieved A Enram from my RA Taken of my Right Ankle I'd Like to see Pertermance About this follow and other Issue Like my medication Alway expire want it should be still Active its*

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM* *Being f/c By someone*

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☐ | DENTAL ☒ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

| NAME GARDNER R D | CDCR NUMBER E71905 | HOUSING C-2, 136 |
|---|---|---|

| PATIENT SIGNATURE *Ronald Gardner* | DATE 6/27/21 |
|---|---|

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem) when I saw Dr Thompson the Dentist she ordered me a mouth wash for my Bleeding Gums I never Recieved And The LVN at the windows Claims it was Never Ordered ???

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:     MEDICAL ☑     MENTAL HEALTH ☐     DENTAL ☐     MEDICATION REFILL ☐

NAME _Gardner R. D._

CDCR NUMBER _E71905_

HOUSING _C-2-136_

PATIENT SIGNATURE _R D Gardner_

DATE _11/1/20_

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem) _Restore. I God and going through a lot of trouble. I'd like to know why I'm being taken off. of all my pain medication Because tonight when I ASK My LVN why I have not received my Libiscribe patches_

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM _she said I used to many of them_

I would ALSO Like the court to

except this NARRRitive of EXPLAiNAtioN, As
I've tried for year to seek Help for my ever
iN creasing of my DegeNerative BoNe DecAy, its cAused
Limpoma Cyct tumers and the oNe that thier going to
operate on again IN my Ear, As it WAS operated on
iN ∂ 1999 At st Joseph Hosipal Eureka cA, While I
WAs inCarcerate at peliCAN BAy prison, Now it going
to be operated on again, I for oNe think its A
tumer in my sinus cAvity AlSo cAuseing A Big sore
i NOt mouth my BAck and Neck get these Sores to
they are AlWAy ReoccurriNg, and then they go AWAy, Althoupp
thAt is Not the deliberate indeffereNce Id Like to SHow
thAt oNe the Night of Nov-17-2019 after I WAs pLAced
on the 3Cyard At corcorAN, I WAs ask By oNe of the
Big SHots on the WHy I Never took off on ANy of the inmates
At sAcrameNto, New JolsomM, I told him I did Not work
for ANy GANg or OrgANizAtioN, AND WHeN they found out I
hAd BeeN Deemed ENHANced outpAtiAy here. At LAC
thAt a Pysch, yard here And HAt WAs Not Allowed By
the prisoner WHite RAce, they AttActed me without WArNiNg
and Broke my shoulder, I hAd A LAWsuit, bArdNer, v
Eheshomi-II6cv0311 8 VBF-AGR Hw is Dismissed

**10}** challenge the magistrate's factual findings on whether he filed the grievance or its contents. Rather, he challenges the legal conclusion as to whether the grievance gave adequate notice with regard to Turner, which we review *de novo. See Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006); *cf. Vinieratos v. U.S., Dep't of Air Force Through Aldridge*, 939 F.2d 762, 768 (9th Cir. 1991). The question of whether the district court erred in granting summary judgment in favor of Turner is properly before us.

As to the merits of the issue, the Prison Litigation Reform Act ("PLRA") requires inmates to both substantively and procedurally exhaust all claims through administrative avenues before filing a suit in court. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). The scope of this requirement depends on the scope of administrative remedies that the state provides. *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

In California, inmate grievances must "describe the problem and the **{2014 U.S. App. LEXIS 11}** action requested." Cal. Code Reg., tit. 15 § 3084.2. We have said that "when a prison's grievance procedures do not specify the requisite level of detail" needed to exhaust a claim, the standard enunciated in the Seventh Circuit applies. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). That standard provides:

[w]hen the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

In recent decisions, we have applied the Strong standard to California prisoner claims. *Sapp v. Kimbrell* held that a prisoner who alleged that eye problems and denials of his requests for surgery or medical appointments exhausted his claim against a prison doctor, even though the prisoner never specifically identified the doctor in his grievance. 623 F.3d 813 (9th Cir. 2010). We reasoned that "Sapp was not required to identify [the doctor] by name to exhaust the grievance against him. Neither the PLRA itself nor the California regulations require an inmate to identify responsible parties or otherwise to signal who ultimately may be sued." **{2014 U.S. App. LEXIS 12}** *Id.* at 824.

Here, El-Shaddai's grievance gave greater notice than Sapp's grievances. El-Shaddai described not only the nature of the wrong but also identified Turner by name. El-Shaddai's grievance states that he suffered injuries "[a]s a **{772 F.3d 840}** result of the assault on my person by C/O Wheeler and C/O Albonico and responding officers." It names Turner as a responding officer and says that Turner applied pressure to his ankle despite his screams of pain and that Turner acted deliberately to inflict pain. Because El-Shaddai's grievance describes the use of force against El-Shaddai by Wheeler, Albonico, and "responding officers," identifies Turner as one of those responding officers, and specifically describes Turner's use of force, it "alerts the prison to the nature of the wrong for which redress is sought." *Sapp*, 623 F.3d at 824. We conclude that El-Shaddai exhausted his administrative remedies against Turner.

**B. The Jury Instructions Were Erroneous**

El-Shaddai raises two arguments against the challenged jury instruction.4 First, he contends that, although the district court thought the instruction was required by *Heck v. Humphrey*, that case does not apply where, as here, the duration of an inmate's sentence is not at stake. Second, **{2014 U.S. App. LEXIS 13}** he contends that the instruction "had the effect of barring relevant testimony in violation of *Simpson v. Thomas*, 528 F.3d 685 (9th Cir. 2008)," because it contradicted El-Shaddai's

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Neuropathic
- Choose one:
  - →Anticonvulsant (gabapentin, oxcarbazepine)
  - →SNRI (venlafaxine, duloxetine-NF)
  - →Tricyclic Antidepressant (nortriptyline+)
  (Titrate dose and allow adequate time. If no response, try another class. If limited response add another class)
- If mixed pain consider adding NSAID – try at least 2 from different classes.
- Opioids*

6. **Opioid Medication:**

   1. **When to use**:
  - Contraindications to opioid (See Attachment C [Page 3])

| Absolute | Relative | |
|---|---|---|
| Allergy (rare) | Psychiatric instability | Inability to manage therapy |
| Severe drug-drug interaction | History of adverse event or lack of efficacy | Sleep apnea not on CPAP |
| Active diversion of controlled substance | Current substance abuse disorder | |
| Unwillingness to comply with the treatment plan | Noncompliance with other treatment recommendations | |

  - Ongoing opioid medication in chronic pain patients should only be started when there has been a clear risk/benefit analysis supporting their use in a particular patient along with objective evidence of severe disease or pathology.
  - These CPHCS Chronic Pain Treatment Guidelines require that prior to starting chronic opioid therapy, the patient have a clear indication with an established diagnosis supported by objective evidence.
  - If there is no objective etiology for the patients pain after thorough evaluation and the patient continues to believe they need opioids for their pain, then the provider must refer the patient to one of the following for approval:
    - The institutions medical leadership via existing committee structure
    - The institutions Pain Champion (if one exists)
    - A Pain Management specialist as authorized by the institutions MAR committee

in Management Guidelines 2009

f. *Role of Peer Education*

1. Many institutions have an established Peer Education program, a  these educators can be utilized to teach some of the basic exercise or relaxation classes with ma  ls provided to them by the Primary Care Team.

5. Pharmacologic Treatment

g. *Nonopioid Medication:*

1. As with the Acute Pain Guidelines above, there are differences in the choice of Nonopioid therapy based on mechanism of pain. The primary decision point in a chronic pain patient with a poorly defined diagnosis is to determine whether there is a significant component of neuropathic pain.

2. Somatic/visceral pain:
The ICSI Acute Pain Guidelines tease out a few treatment differences between somatic and visceral pain as such:

- Treatment of somatic pain includes the use of acetaminophen, cold packs, corticosteroids, localized anesthetic (topical or infiltrate), NSAIDs, opioids and tactile stimulation.
- Treatment choices for visceral pain include corticosteroids, intraspinal local anesthetic agents, NSAIDs and opioids (via any route).
- There is often overlap in the types of pain seen and for purposes of the CPHCS Chronic Pain Management algorithm (See Attachment C [Page 2]) the two types of pain are combined.

> **Somatic / Visceral**
> - Acetaminophen
> - NSAIDS – try at least 2 from different classes. (Cox II Inhibitor – see Attachment C, Page 7).
> - Muscle relaxant – limited / short term effectiveness. (Generally not indicated for chronic pain.)

3. Neuropathic Pain:

1. Neuropathic pain may be resistant to nociceptive pain treatment strategies and is even considered relatively resistant to opioid therapy. Therefore, anticonvulsants and tricyclic antidepressants are mainstays of therapy. A few generalities on the use of these medications include:

- Complaints of *continuous burning* may best respond to *antidepressants*.
- Complaints of *lancinating pain* may best respond to *anticonvulsants*.
- Failure to adequately relieve neuropathic pain with one anticonvulsant does not imply that alternative therapies will not work.

2. Other potential treatments include local anesthetics (topical – nonformulary, or intraspinal), and glucocorticoids.

3. Although NSAIDs are not generally considered effective in pure neuropathic pain, they can be tried if mixed pain mechanism is suspected.

07:37   6618692860                COLONIAL MEDICAL                    PAGE  03/28
09 14:15  FHU___ Rahimifar         661-6165747            T-728  P002/003 F 393

# Bakersfield Neuroscience & Spine Institute

*Neurosurgery and Neurology of Brain, Spine and Nerves*

M. Rahimifar, MD
M.Sc., FRCSC, FACS
*Neurological Surgeon,
Adult & Pediatrics*

O. Leramo, MD
FRCSC, FACS, FICS
*Neurological Surgeon,
Adult and Pediatrics*

M. Rashidi, MD
FRCSC
*Neurological Surgeon,
Adult & Pediatrics*

A. Abazari, MD
*Neurological Surgeon,
Adult & Pediatrics*

R. Alexan-Shirabad, MD
FRCPC
*Neurologist, Adult
Neuromuscular/
Electrodiagnostic Specialist*

Hamid R. Salehi, MD
*Neurologist
Neuromuscular/
Electrodiagnostic Specialist*

David R. Field, MD, MPH
*Occupational Medicine*

Jan R. Mensink, MD

Lisa Mendez, PA-C

Beverly Perry, PA-C

February 20, 2009

**NEUROSURGICAL TELEMEDICINE CONSULTATION**

PATIENT:   GARDNER DELBERT, CDC# E71905
DOB:        02/08/59

The patient was seen in the Telemedicine Clinic with the assistance of Nurse Castaneda.

The patient is a 50-year-old inmate who presents with a history of neck pain for five years. The pain radiates to both upper extremities; worse on the left than on the right. He denies any numbness or tingling in his hands; however, he does complain of left hand weakness. There is no history of trauma.

**PAST MEDICAL HISTORY:** Positive for a fractured left mandible in 1994. He also has a history of hepatitis C.

**ALLERGIES:** Sulfa.

**MEDICATIONS:** Neurontin 1200mg p.o. b.i.d.

**SYSTEMIC REVIEW:** Positive for neck pain going down to the upper extremities; left more than right.

**NEUROLOGICAL EXAMINATION:** The patient is in mild distress from neck pain. He is alert and fully oriented. He has pain with neck movement. Gait is normal. Cranial nerves are intact. Sensory examination reveals hypoesthesia, left C6 and C7 dermatomes. Motor power showed weakness of the intrinsic muscles of both hands Grade 4/5. Reflexes are symmetrical. Toes are downgoing; there is no clonus.

**REVIEW OF STUDIES:**

Cervical spine MRI performed in 12/2008 was reviewed. The MRI showed C4-C5, C5-C6, C6-C7 and C7-T1 osteophytosis with canal stenosis. I reviewed the MRI findings with the patient.

2601 Oswell Street, Suite 101
Bakersfield, CA 93306
661-872-9999 or Fax 661-872-9988

 

## CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

### Institutional Level Rejection Notice

**Date:**    AUG 0 2 2021

**To:**    GARDNER, DELBERT (E71905)
#C 002 1136001LP
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**Tracking #:**    LAC HC 21000843

Your health care grievance submitted for institutional level review does not comply with health care grievance procedures established in California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5, and is rejected for the following reason(s):

**Not Health Care Jurisdiction**: California Code of Regulations, Title 15, Section 3999.226(a)(4) states, "The grievant shall not submit a health care grievance for issues outside the health care jurisdiction."

Your concerns regarding ADA workers should be addressed through the appropriate channels or explain why you believe this issue is within the health care jurisdiction.

Take the necessary corrective action provided in this notice, and resubmit the health care grievance to the Health Care Grievance Office where you are housed within 30 calendar days.

*M. Mijangos*
Health Care Grievance Office Representative
California State Prison – LA County

---

Note:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

**RAP Meeting Date:** 7/13/2021       **Date IAC Received 1824:** 7/9/2021       **1824 Log Number:** LAC-C-21-00516

**Inmate's Name:** Gardner, D.       **CDCR #:** E71905       **Housing:** C2-136

**RAP Staff Present:** S. Rivera, AW ADA, Dr. Ola, Chief Physician and Surgeon, Dr. Jordan, Senior Psychologist, G. Sabido, SSA Health Care Grievances, A. Ojeda, CCII Inmate Appeals, L. Fernandez, Health Care Compliance Analyst, A. Frazier CCII CAMU, K. Gridler, ADA OT, M. Soto, CCI. J. Gonzalez, CCI, R. Underwood, Education

**Summary of Inmate's 1824 Request:** Inmate Gardner states he can't walk because of his right ankle and he has yet to see the doctor to discuss xrays taken the last part of June. Inmate Gardner is requesting a visit with Dr. Hernandez, a lay in that is longer than a month, a wheelchair, crutches, and medication.

### Interim Accommodation:

☒   No interim accommodation required:  No irreparable harm.

☐   Interim Accommodation provided (List accommodation and date provided):

☐   RAP rescinding interim accommodation:

FINAL RESPONSE: PARTIALLY APPROVED

**RAP is able to render a final decision on the following:**

**Response**: On June 11, 2021, you were evaluated by Medical for your concerns brought up in your CDCR-1824 and on July 01, 2021, you were given a DPP code of DLT. Per Medical, you are appropriately accommodated with a cane for ambulation and a medical lay n is not medically indicated at this time.

**Direction if dissatisfied**: If you disagree with this decision and want to file an appeal, be sure fill out submit a CDCR 602 or 602HC (Blue – sections A & B) within 30 days of this response date and attach a copy of this response along with your CDCR 1824 as supporting documents.

AW S. Rivera
**ADA Coordinator**                     Signature                     Date sent to inmate: 7/27/2021

*Emergency*

STATE OF CALIFORNIA
**REASONABLE ACCOMMODATION REQUEST**
**CDCR 1824** (Rev. 09/17)

NDD, DLT, CCCMS, 5.4

Page 1 of 1

| **INSTITUTION** (Staff use only) | **LOG NUMBER** (Staff Use Only) | **DATE RECEIVED BY STAFF:** |
|---|---|---|
| LAC-C | 21-00516 | **JUL 0 9 2021** |

\*\*\*\*\*\*\*\*\*\*\***TALK TO STAFF IF YOU HAVE AN EMERGENCY**\*\*\*\*\*\*\*\*\*\*\*
**DO NOT** use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC

| **INMATE'S NAME** (Print) | **CDCR NUMBER** | **ASSIGNMENT** | **HOUSING** |
|---|---|---|---|
| Gardner R. D | E71905 | NA | C-2-13( |

**INSTRUCTIONS:**

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request. Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?**

Walk Because of right Ankle and
I've yet to see the Dr Hernandez
about X rays taken the last part of June
and a chronic visit chrono on the 1 of Jul/
about a visit about Broken and

**WHY CAN'T YOU DO IT?**

I Need a wheel Chear A perment
layin Because of inability to Walk
a/Wheel Chear is Need or Crucths

**WHAT DO YOU NEED?**

Visit with Dr Hernandez
lay in that is long-r then A month
Wheel Chair
Crucths
medication to Be undesturbed when
A prescription is written, Like it is now
I've Been made to Be in    *(Use the back of this form if more space is needed)*
Pain and with Any care

**DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**   Yes ☑   No ☐   Not Sure ☐

List and attach documents, if available:

Dr. Chrono

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

_____
**INMATE'S SIGNATURE**

_____
**DATE SIGNED**

Assistance in completing this form was provided by:

_____   _____   _____
Last Name            First Name            Signature



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

**Offender Name:** GARDNER, DELBERT R.                **CDC#:** E71905

**Date:** 02/09/2021

**Current Location:** LAC-Facility C                **Current Area/Bed:** C 002 1136001L

**From:** Office of Grievances at California State Prison, Los Angeles County

**Re:** Log # 000000086913

The California Department of Corrections and Rehabilitation Office of Grievances at California State Prison, Los Angeles County received your grievance on 02/09/2021. Your grievance has not been assigned for review and response because your claim(s) is being handled as specified below.

**Claim # 001:**

Your claim concerning Offender Services;Dispute with RAP/DD Decision is being rejected by Office of Grievances for the reason(s) indicated below:

You did not submit the claim within the timeframe required by California Code of Regulations, title 15. The date you discovered the adverse policy decision, action, condition, or omission by the Department was 03/02/2020; the date you submitted this claim was 02/09/2021. You should have submitted your claim on or by 04/01/2020 to meet the 30 calendar day requirement set forth in the regulations.

CLAIMS HE NEVER RECEIVED APPEAL LOG LAC-C-20-00904 PER IATS APPEAL WAS COMPLETED ON 3/2/20 AND MAILED TO YOU ON 3/2/20, AN ASSIGNMENT NOTICE WAS MAILED TO YOU ON 2/21/20, NOTIFYING YOU OF THE DUE DATE, YOU HAD 30 DAYS TO SUBMIT OR INQUIRE ABOUT STATUS OF APPEAL AND FAILED TO DO SO, YOU ALSO BY PASSED OOG.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at California State Prison, Los Angeles County.

CDCR SOMS OGTT300
OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

## Original Telemedicine Report

18

**ALVARADO HOSPITAL**
San Diego, California 92120

MR #: 815236
Patient: GARDNER, RONDEL
Treating Physician: Paul M. Goodman, MD
Service Date: 06/02/2014

## TELEMEDICINE CUSTODY CONSULTATION

Page 1

RECEIVED
I CAB
NOV 1 0 2014
HC APPEALS

cc:   Paul M. Goodman, MD (FAX)

OTOLARYNGOLOGY CONSULTATION

CDCR#:   E71905

CUSTODY INSTITUTION:  California State Prison, Los Angeles County

DOB:   02/08/1959

REASON FOR CONSULTATION:  Facial trauma.

HISTORY:  This gentleman has a history of multiple trauma to the
facial region.  He initially had facial fractures in 1993 and
apparently had a wired trimalleolar fracture.  Most recently, on
April 18, 2014, he was in an altercation and apparently "broke the
front part of his face."  He had some numbness in the left cheek
region.  He feels that the left facial region is out of place.  There
is some nasal airway obstruction.  He has no diplopia.  There has
been a CT scan which reveals a blowout fracture of the left orbital
floor with no evidence of fat herniation or muscle entrapment.  There
is a nondisplaced fracture of the left nasal bone and a suspected
nondisplaced fracture of the left lamina papyracea with hemosinus.
The globes are intact.  This gentleman presents today for a possible
open reduction of facial fractures.  He has no dental malformities
from the altercation.

MEDICATIONS:  This gentleman is on the following medications.
1.  Acetaminophen.
2.  Albuterol sulfate.
3.  Amlodipine.
4.  Atenolol.
5.  Benztropine mesylate.
6.  Haloperidol.
7.  Hydroxyzine pamoate.

RECEIVED
I CAB
FEB 0 2 2015
HC APPEALS

J. MARCELO, M.D.
Staff Physician
CSP-Los Angeles County

... REVIEWED ...
PROVIDER_____ 6/10/14
ORDERS          YES/NO
RFS WRITTEN      YES/NO

CSP-LAC HC Records - Received

Requested Copy

JUN 11 2014   Saved 2014-08-08T14:43:20Z

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF APPEALS**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

February 2, 2021

GARDNER, DELBERT, E71905
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA  93536-7620

RE: TLR# 2005179    LAC-20-00904    LEGAL

Mr. GARDNER:

The Office of Appeals has received your appeal regarding the above matter.  It has
been forwarded to the Grievance Office at LAC for further action.

HOWARD E. MOSELEY, Chief
Office of Appeals



**CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES

**LAC - California State Prison, Los Angeles County**
44750 - 60th Street West
Lancaster, CA 93536-

**Patient:** **GARDNER, DELBERT RONDELL**

| | | | | | |
|---|---|---|---|---|---|
| DOB/Age/Sex: | 2/8/1959 | 61 years | Male | CDCR #: | E71905 |
| Encounter Date: | 1/24/2020 | | | PID #: | 11041946 |
| Attending: | Lee,Stephen P & S | | | Referring: | |

---

### *Request for Service*

---

**Request for Services (RFS) Entered On: 7/15/2020 9:31 PDT**
**Performed On: 7/15/2020 9:30 PDT by Rodriguez, Michell RN**

**Patient Encounter Information**

*ENCTR Information :*  Encounter Info: Patient Name: DELBERT GARDNER,DOB: 02/08/1959,,FIN:
1000002911041946E71905,Facility: LAC,Encounter Type: Institutional Encounter

Rodriguez, Michell RN - 7/15/2020 9:30 PDT

**Primary_UM RN Review**

*UM Nurse Review :*  Criteria Met
*UM Tracking Number :*  LAC-19/20-1594225
*EPRD. :*  Expected Parole Release Date (EPRD)
EPRD: 04/15/2033 (06/15/19)
*Appointment Type :*  Telemedicine
*Cancelled :*  No

Rodriguez, Michell RN - 7/15/2020 9:30 PDT

**2nd/3rd Level Review**

*Physician Manager :*  Approved

Lewis, Michael P&S - 7/15/2020 10:40 PDT

*RFS Order Details :*  Requested Services for Dermatology:Dermatology Evaluation

Primary Diagnosis:Ear problem (H93.90)
Ordering Provider:Stephen Lee
Requested Start Date and Time:07/15/20 0:01:00 PDT
Priority:High Priority (Within 14 days)
Reason For Request:IQ met. ESSENTIAL. Pt w/ suspicious ulceratic lesion of the left ear likely requiring biopsy. IQ met.
Requested End Date/Time:07/29/20 23:59:00 PDT
Comments: 300  Skin lesion [Both]  Note    310  Unknown etiology      320  Continued findings after 2 weeks

Rodriguez, Michell RN - 7/15/2020 9:30 PDT

**Problem_List**

*Problem List Reviewed :*  Yes
*Problem :*  Anxiety disorder due to another medical condition
Back pain
Benign essential HTN
Chronic hepatitis C: After education he agreed to go on hepatitis C treatment but he is on the phenobarbital which has
interaction with hepatitis C medications.  Does not want to try a different antiseizure medication because he said he was tried
with numerous other antiseizure medications but these are the only 2 that work Refused treatment for hepatitis C genotype 2
Fiber scan done 2018  F0-F1. Genotype IIb refusedfibroscan

---

Report Request ID:  32108747

Print Date/Time:  8/21/2020 11:47 PDT

**WARNING:** **This report contains confidential, proprietary, and/or legally privileged**
**information intended for the recipient only.**

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

I ve Been At The Least Negelcted
And tReated With Deliborte indiffevance
for years and my Bone Damage has Done
Nothing But Botten Worse and Worse
With tumers cause By Bone Petieriation
and Never Dreated The outside Hospital
showe a High Mawocyte Level and All
my Broken Bones in my face Has Buelt
up over the I Asking for injunctive
monotory Because of untreated Bone
DecAy and All That the court Deems
Proper and Cit my pain Level is right
Now After I ve

_____

_9/19/21_
*(Date)*

_____
*(Signature of Plaintiff)*

Patient Name: GARDNER, DELBERT
Date of Birth: 2/8/1959

MRN: E71905
FIN: 1000000101041946E71905

* Auth (Verified) *

University of California, San Francisco
1701 Divisadero St. Room 280
San Francisco, CA 94115

Tel: (415) 353-7848
(800) 497-0244
Fax: (415) 353-7543

URL: Dermpath.us

Email: info@dermpath.us



DERMATOPATHOLOGY
AND ORAL PATHOLOGY
SERVICE

Dermatopathology and
Immunodermatology

Philip E. LeBoit, M.D.
Timothy H. McCalmont, M.D.

Boris C. Bastian, M.D.
Richard C. Jordan, DDS, PhD.
Karl Connolly, M.D.
Thaddeus W. Mully, M.D.
Laura B. Pincus, M.D.
Iwei Yeh, M.D. PhD.
Jeffrey P. North, M.D.
Ursula E. Lang, M.D. PhD.
Jarish Cohen, M.D. PhD.

## ORAL PATHOLOGY

| | | | |
|---|---|---|---|
| PATH #: | **DO19-95824** | PATIENT: DELBERT GARDNER | |
| SERVICE: | 08/28/2019 | DOB: 2/8/1959 (60) | SEX: M |
| RECEIVED: | 08/29/2019 | PHYSICIAN: CORCORAN I CSP-COR, FACILITY | |
| REPORTED: | 09/03/2019 | Reference #: E71905 | |
| | 10:25:16AM | | |

CLINICAL DATA: R/O SCC

DIAGNOSIS: **FIBROEPITHELIAL HYPERPLASIA AND SIALADENITIS WITH DUCTAL SQUAMOUS
METAPLASIA (K13.70)**
(LEFT SUPERIOR PTERYGOMANDIBULAR RAPHE)

NOTE: There is no evidence of dysplasia or malignancy in the sections.

SPECIMEN SITE: LEFT SUPERIOR PTERYGOMANDIBULAR RAPHE

GROSS DESCRIPTION:
Tissue segment measuring 1.1 x 0.8 x 0.4 cm, trisected and entirely submitted. KC/KC

MICROSCOPIC DESCRIPTION:
Stratified squamous epithelium covers fibrous tissue that contains several dilated salivary
ducts some showing squamous metaplasia with inspissated mucus. Inflamed minor salivary
glands are also present.

RCJ/rjo

| | | |
|---|---|---|
| O17-114881 | 11/08/2017 | LEFT BUCCAL/PARAPHARYNGEAL MUCOSA |
| | | NON SPECIFIC ULCER AND SIALADENITIS |

V. Stewart D.D.S.
*Reported to Pt. on 9/9/19*

MEDICAL RECORDS

SEP 10 2019

RECEIVED

CORCORAN I CSP-COR, FACILITY
4001 KING AVENUE
CALIFORNIA STATE PRISON
CORCORAN, CA 93212

Richard C. Jordan, DDS, PhD



**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

**LAC - California State Prison, Los Angeles County**
44750 - 60th Street West
Lancaster, CA 93536-

| | |
|---|---|
| **Patient:** | **GARDNER, DELBERT RONDELL** |
| DOB/Age/Sex: | 2/8/1959  62 years  Male |
| Encounter Date: | 1/24/2020 |
| Attending: | Hernandez,Gian P&S |

| | |
|---|---|
| CDCR #: | E71905 |
| PID #: | 11041946 |
| Referring: | |

---

## Progress Notes

Document Type:
Document Subject:
Service Date/Time:
Result Status:
Perform Information:
Sign Information:
Authentication Information:

Outpatient Progress Note
OTM telemedicine neurosurgery return follow-up
5/6/2021 08:52 PDT
Auth (Verified)
Afra,Sohail P&S (5/6/2021 08:53 PDT)
Afra,Sohail P&S (5/6/2021 10:07 PDT)
Afra,Sohail P&S (5/6/2021 10:07 PDT); Afra,Sohail P&S
(5/6/2021 10:07 PDT); Afra,Sohail P&S (5/6/2021 09:59 PDT);
Afra,Sohail P&S (5/6/2021 09:41 PDT)

---

**Chief Complaint**
OTM telemedicine neurosurgery return follow-up

**History of Present Illness**
Patient is a 62-year-old male with past medical history including chronic hep C with a high viral load not interested in treatment at the present time.  Hypertension, COPD, seizure disorder, moderate to severe DDD with C5-C7 fusion with chronic back pain with radiculopathy along with noted diffuse arthralgia with no signs of erosive arthropathy on x-ray with positive rheumatoid factor who was being seen on 4/9/2021 as an 3/26/2021 OTM telemedicine rheumatology follow-up rheumatology documented the following assessment/plan:

62-year-old male with hepatitis C, high viral load, latent TB status post treatment, status post C-spine fusion C5-C7, anterior with moderate severe DDD, left shoulder fracture, referred with positive rheumatoid factor, joint pains.  ESR/CRP normal and CCP negative.  Positive rheumatoid factor can be seen in hepatitis C.  Patient appears to have multilevel DJD and not RA.  I would like to see the patient back as needed.  Asked patient to discuss with PMD regarding pain management.

Patient was subsequently seen by neurosurgery on 4/22/2021 with neurosurgery documented the following diagnosis.
1. Previous fusion C5-C7 it looks back.
2. Kyphosis of the cervical spine.
3. Slight torticollis.
4. Evidence of spondylosis deformans.
Recommendations:
1. Philadelphia type collar.
2. Decadron 4 mg every 8 hours, post meals with Mylanta for 4 days.
3. Order MRI of the cervical spine with/without contrast.
4. Reevaluation in 6 or so weeks.
Please note all above recommendations been followed
Patient is requesting adjustment on his gabapentin to better control his pain.  Patient is currently on 600 mg 3 times a day which will be increased to 800 mg 3 times a day

**Problem List/Past Medical History**
Ongoing
  Chronic hepatitis C
  Chronic neck pain
  COPD - Chronic obstructive pulmonary
    disease
  Edentulous
  Facial bone fracture
  Memory difficulty
  Seizure
  Shoulder pain
Historical
  Anemia

**Medications**
Inpatient
  Asmanex HFA 100 mcg/inh inhalation
    aerosol, 200 mcg, 2 puff, Oral,
    BID-KOP
  capsaicin 0.025% topical cream, 1 app,
    Topical, QID-KOP, PRN
  FLUOXETINE HCL 20 MG CAPSULE UD,
    40 mg, 2 cap, Oral, qAM
  gabapentin, 600 mg, 1 tab, Oral, TID
  hydrOXYzine pamoate, 50 mg, 1 cap,
    Oral, qAM, PRN
  hydrOXYzine pamoate, 50 mg, 1 cap,
    Oral, qAM, PRN
  ipratropium CFC free 17 mcg/inh
    inhalation aerosol, 17 mcg, 1 puff, Oral,
    QID-KOP, PRN
  levETIRAcetam, 1000 mg, 1 tab, Oral,
    BIDAM+PM

---

Report Request ID:  44209720

Print Date/Time:  7/23/2021 10:30 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

Rondell Delbert EaR OWel E71905

C-2-134 PO BOX 4610
California State Prison
Los Angeles County
Lancaster, California 93539

LEGal
Mail

United States
Central District CourtHouse
Office of the Clerk
255 East Temple Street
Room 180
Los Angeles California 90012

