UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONDEL DELBERT GARDNER, | ) | NO. LA CV 21-01682-VBF (AGR) |
| Plaintiff, | ) | |
| v. | ) | ORDER DISMISSING CLAIMS IN FIRST AMENDED COMPLAINT EXCEPT FOR EIGHTH AMENDMENT CLAIMS AGAINST DR. HERNANDEZ |
| GAVIN NEWSOM, et al., | ) | |
| Defendants. | ) | |

I.

## BACKGROUND

On February 19, 2021, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915(e)(2), the court screened the complaint and dismissed the complaint with leave to amend.

On November 15, 2021, Plaintiff filed a First Amended Complaint against the following defendants: (1) Dr. Ola (official and individual capacities); (2) Dr. Afra (individual capacity); (3) Dr. Hernandez (no capacity specified); (4) CTC Medical Staff, including Dr. Aya (individual capacity); (5) Dr. Lee (individual capacity) and (6) Dr. Sorceress (individual capacity).

The court screens the First Amended Complaint to determine whether the action fails to state a claim on which relief may be granted against any defendant.

The court's screening was governed by the following standards. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (citations and quotation marks omitted).

In reviewing a complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("labels and conclusions" or "formulaic recitation of the elements of a cause of action" are insufficient). A "naked assertion" without factual enhancement is insufficient. *Id.* at 557. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint is subject to dismissal. *Iqbal*, 556 U.S. at 679.

A *pro se* complaint is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). After a review of the complaint under these standards, the court found it failed to state a claim upon which relief may be

granted. However, before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *See Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## II.
## ALLEGATIONS IN FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at California State Prison, Los Angeles County ("CSP-LAC"). (Dkt. No. 23 at 1.)[1]

Liberally construing the complaint, it appears that Plaintiff asserts two categories of claims: (1) deliberate indifference medical claims; and (2) entitlement to a stimulus check or other "funds available" from the Internal Revenue Service ("IRS").

On November 17, 2019, Plaintiff was apparently incarcerated at California State Prison in Corcoran, California ("CSP-Corcoran") and was attacked by three prison inmates who broke his shoulder. He was treated at a hospital and returned to the prison's Central Treatment Center ("CTC"), where Dr. Aya had "an evil way of treatment" and was "cruel." Plaintiff was then transferred to CSP-LAC. (*Id.* at 4.)

At CSP-LAC, Dr. Lee took Plaintiff off pain medication and placed him on a MAP waiting list for suboxone medication. It was determined that Plaintiff was not a drug addict. Plaintiff went through a year of treatment by Dr. Lee and Dr. Sorceress until Dr. Hernandez prescribed Tramadol to alleviate his pain. (*Id.* at 4-5.) He remains in pain since the November 2019 incident because his medication is not timely refilled, apparently by Dr. Hernandez, according to

---

[1] The complaint pages are disordered and mixed with pages from what appear to be Plaintiff's medical records, administrative decisions regarding Plaintiff's grievances, and unidentified court orders. (*See id.* at 1-56, 58-61, 76-80, 82-83, and 85-88.)

3

nurses who intermittently fail to give him pain medication. (*Id.* at 5, 8-9.) The FAC attaches Plaintiff's grievance indicates that he takes Ultram twice per day for pain, and complains that the medication is not refilled regularly so that he misses some doses. (*Id.* at 8, 22, 45.)

At some unknown time, Plaintiff contacted the IRS for a stimulus check and other "funds available" but never received a response. (*Id.* at 5.)

Interspersed with the complaint form, Plaintiff includes what appear to be excerpts from medical records, administrative grievances, and other documents. (*Id*. at 6-7, 13-15, 16-39, 41-50.)[2] The medical records also include one page of telemedicine dermatology notes on July 15, 2020 regarding a lesion on his left ear (*Id.* at 39); one page from Dr. Afra's progress notes regarding rheumatology on April 9, 2021 (*Id.* at 19); one page of Dr. Afra's telemedicine neurosurgery follow-up notes on May 6, 2021 indicating all of neurosurgery's recommendations had been followed (*Id.* at 43); and an MRI of the cervical spine ordered by Dr. Afra and performed on May 18, 2021 (*Id.* at 16-17).

Plaintiff seeks unspecified monetary relief and injunctive relief. (*Id*. at 12, 40.)

### III.
### DISMISSAL OF CLAIMS AT CSP-CORCORAN

The First Amended Complaint names Dr. Aya and CTC medical staff at CSP-Corcoran, which is located in Kings County in the Eastern District of California. 28 U.S.C. § 84(b).

"A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is

---

[2] Some documents submitted with the complaint appear wholly unrelated to Plaintiff's claims. (*See, e.g.*, Dkt. No. 1 at 25, 44, 51.)

4

the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  When a case is filed in a district in which venue is entirely misplaced, the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district in which venue properly lies.  28 U.S.C. § 1406(a).

Venue for claims based on alleged conduct at CSP-Corcoran does not lie in the Central District of California.  Therefore, the claims against Dr. Aya and any other staff at CSP-Corcoran are dismissed without prejudice.  Nothing in this order prevents Plaintiff from a complaint in the Eastern District of California based on the alleged misconduct.

## IV.

### DISMISSAL OF CLAIMS AGAINST DR. LEE AND DR. SORCERESS WITHOUT PREJUDICE TO PLAINTIFF'S SEPARATE PENDING ACTION

The First Amended Complaint names two defendants, Dr. Lee and Dr. Sorceress, who Plaintiff has already sued in a pending action for the same claims.  *Gardner v. CSP-LAC*, CV 20-7519 VBF (AGR) (C.D. Cal.).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted).  A district court has the option of dismissing the later-filed complaint without prejudice.  *Id.* at 692 ("Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'") (citation omitted).

To determine whether a suit is duplicative, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action,

5

are the same." *Id.* at 689. The court considers four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" (*Id.*) (citation omitted).

Here, Dr. Lee and Dr. Sorceress are being sued for the same conduct that arises out of the same transactional nucleus of facts in the prior lawsuit. In both lawsuits, Plaintiff alleges that Dr. Lee and Dr. Sorceress were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In both lawsuits, the factual basis for Plaintiff's Eighth Amendment claims are the pain treatment Plaintiff received after his transfer to CSP-LAC in 2019. Plaintiff's claims in this action are conclusory. (FAC at 4-5.)

Accordingly, Plaintiff's claims against Dr. Lee and Dr. Sorceress are dismissed without prejudice.

## V.

## DISMISSAL OF OFFICIAL CAPACITY CLAIM AGAINST DR. OLA

A suit against a state officer in his or her official capacity is "another way of pleading an action against [the] entity of which [the] officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Id.*

In *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states and state agencies are not "persons" subject to civil rights suits under § 1983. Moreover, the Eleventh Amendment prohibits federal jurisdiction over claims against a state unless the state has consented to suit or Congress has abrogated its immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

California has not consented to be sued under § 1983 in federal court, and

the Supreme Court has held that § 1983 was not intended to abrogate a state's Eleventh Amendment immunity.  *See Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) and *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985)).

The Eleventh Amendment does not bar official-capacity claims against state officials for prospective injunctive relief to end a continuing violation of federal law.  *See Ex Parte Young*, 209 U.S. 123, 155-57 (1908).  The state official "must have some connection with the enforcement of the act" that "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (citations and internal quotation marks omitted).

Dr. Ola is alleged to be the Chief Physician and Surgeon, and is sued as a member of the Reasonable Accommodation Panel ("RAP").  (FAC at 2.)  Plaintiff attaches the RAP's response in July 2021 to his complaint that nurses do not give him all of his prescribed medications and its response in August 2021 to his complaint regarding medical treatment after a seizure.  The RAP states that Plaintiff's complaints do not fall within the criteria for a reasonable accommodation and his remedy is to submit a health care grievance.  (*Id.* at 13, 22-24, 42.)

Plaintiff does not allege any facts indicating that Dr. Ola, as a member of the RAP, has some connection with the prospective relief that Plaintiff seeks. The FAC appears to challenge the medical treatment Plaintiff receives, and Dr. Ola is not alleged to have any connection to Plaintiff's medical treatment.

## VI.
## INDIVIDUAL CAPACITY CLAIMS AGAINST DR. OLA AND DR. AFRA

To state a violation of 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States by a

defendant acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a claim under the Eighth Amendment for inadequate medical care, a plaintiff must allege acts or omissions sufficiently harmful to constitute deliberate indifference to his serious medical needs.  *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The test for deliberate indifference has two parts.  First, a plaintiff must show a "serious medical need" by alleging that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Indications of such a need include "[t]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Second, a plaintiff must show that a defendant's response to the need was deliberately indifferent.  *See id.*  This second prong of the test is satisfied when a plaintiff alleges, as to each defendant, (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  *Id.*  Deliberate indifference to serious medical needs may be manifested in two ways.  "It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care."  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

The defendant, however, must purposefully ignore or fail to respond to a plaintiff's pain or serious medical needs.  A plaintiff must allege that a defendant had a sufficiently culpable state of mind when he or she refused medical care.

*Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). A defendant must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, an inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). "[S]tate prison authorities have wide discretion regarding the nature and extent of medical treatment." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).

A "difference of opinion between a physician and the prisoner — or between medical professionals" as to "what medical care is appropriate" does not amount to deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled on other grounds, Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

**A.  Dr. Ola**

As discussed above, Dr. Ola is sued as a member of the RAP. (FAC at 2.) The body of the FAC does not mention Dr. Ola. The FAC attaches RAP responses that indicate Plaintiff's complaints do not fall within the purview of the RAP and should be submitted as health grievances. (*Id.* at 13, 22-24, 42.)

Plaintiff's individual capacity claim against Dr. Ola is dismissed because the FAC does not allege facts showing that Dr. Ola denied, delayed or intentionally interfered with Plaintiff's medical care in any way. *Hutchinson*, 838 F.2d at 394.

**B.  Dr. Afra**

Plaintiff alleges that Dr. Afra referred him for an MRI and "did not see me again." (FAC at 2.) Plaintiff attaches Dr. Afra's progress notes in April and May

9

2021, and the May 2021 findings of the cervical spine MRI ordered by Dr. Afra. (*Id.* at 16-17, 19, 43.) The May 2021 progress notes indicate all neurosurgery recommendations had been followed at that stage. (*Id.* at 43.)

The FAC does not allege any facts showing that Dr. Afra failed to respond to Plaintiff's serious medical need and that his failure to respond caused Plaintiff harm. The FAC does not allege that Dr. Afra denied, delayed or intentionally interfered with Plaintiff's medical care in any way. *Hutchinson*, 838 F.2d at 394. Although Plaintiff alleges that Dr. Afra did not see him after the May 2021 MRI, Plaintiff does not allege any facts as to why he believes Dr. Afra's failure to see him was inappropriate in some way and how Dr. Afra caused Plaintiff harm.

Plaintiff subsequently submitted documents that the court construed as exhibits to the FAC. (Dkt. No. 28.) The exhibits include a *Plata* Request for Review from the Prison Law Office dated December 28, 2021. (*Id.* at 1.) The Request for Review questioned why Plaintiff's primary care physician had not yet followed up on the recommendations from the neurosurgery consult on December 2, 2021. There is no indication in that letter that the primary care physician at issue was Dr. Afra. Of the named defendants, only Dr. Hernandez is mentioned. (*Id.* at 8.) Plaintiff also submitted a grievance response dated February 8, 2022 that lists Plaintiff's current pain medications. (*Id.* at 3-4.)

Accordingly, Plaintiff's individual capacity claim against Dr. Afra is dismissed with leave to amend.

## VII.
### DISMISSAL OF CLAIMS BASED ON FAILURE TO RECEIVE A STIMULUS CHECK OR OTHER FEDERAL FUNDS

Plaintiff appears to complain that he filed a claim for a stimulus check or other "funds available" but never received a response from the IRS. (FAC at 5.)

The FAC does not state any factual or legal basis for liability on the part of the named defendants for any failure to receive a stimulus check or other federal

funds from the IRS or federal government. Plaintiff's claims for failure to receive a stimulus check or other federal funds are dismissed without prejudice.

## VIII.

## ORDER

For the reasons set forth above, IT IS ORDERED that (1) the claims against Dr. Aya and any staff at CSP-Corcoran are dismissed without prejudice and without leave to amend; (2) the claims against Dr. Lee and Dr. Sorceress are dismissed without prejudice and without leave to amend; (3) the official capacity and individual capacity claims against Dr. Ola are dismissed with leave to amend; and (4) the individual capacity claims against Dr. Afra are dismissed with leave to amend.

The Eighth Amendment claims against Dr. Hernandez in his official and individual capacities in the First Amended Complaint may proceed. The matter is referred to the magistrate judge for further proceedings.

**Plaintiff is advised that if he fails to file a timely Second Amended Complaint within 30 days after the entry of this order, this action will proceed based on Eighth Amendment claims against Dr. Hernandez.**

If Plaintiff chooses to file a Second Amended Complaint against Dr. Ola, Dr. Afra and Dr. Hernandez, it must be filed within 30 days after entry of this Order, it must bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to the original complaint, attachment, pleading or other document. The Clerk is directed to provide Plaintiff with a blank prisoner civil rights complaint form.

IT IS FURTHER ORDERED that Plaintiff's motions for summary judgment are denied as premature as no defendant has been served or appeared in this action. (Dkt. Nos. 20, 26.)

DATED: July 19, 2022

/s/ Valerie Baker Fairbank
_____
VALERIE BAKER FAIRBANK
United States District Judge