JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RONDEL DELBERT GARDNER,

    Plaintiff,

    v.

GAVIN NEWSOM, et al.,

    Defendants.

NO. CV 21-1682-VBF (AGR)

**ORDER OF DISMISSAL**

**I.**

**BACKGROUND**

On February 19, 2021, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983.

On November 15, 2021, Plaintiff filed a First Amended Complaint ("FAC") against the following defendants: (1) Dr. Ola (official and individual capacities); (2) Dr. Afra (individual capacity); (3) Dr. Hernandez (no capacity specified); (4) CTC Medical Staff, including Dr. Aya (individual capacity); (5) Dr. Lee (individual capacity) and (6) Dr. Sorceress (individual capacity).

Upon screening the FAC, the Court ordered that (1) the claims against Dr.

1   Aya and any staff at CSP-Corcoran were dismissed without prejudice and without

2   leave to amend; (2) the claims against Dr. Lee and Dr. Sorceress were dismissed

3   without prejudice and without leave to amend; (3) the official capacity and

4   individual capacity claims against Dr. Ola were dismissed with leave to amend;

5   and (4) the individual capacity claims against Dr. Afra were dismissed with leave

6   to amend.  The Eighth Amendment claims against Dr. Hernandez in his official

7   and individual capacities were not dismissed.

8          With respect to the claims that were dismissed with leave to amend,

9   Plaintiff was given leave to file a Second Amended Complaint that cured the

10   deficiencies identified in the court's order.  (Dkt. No. 32.)  Plaintiff did not file a

11   Second Amended Complaint, and this action was never served on any defendant.

12          As explained in the magistrate judge's order dated June 27, 2022,

13   Defendants in two other cases filed by the same Plaintiff filed, on June 24, 2022,

14   a Notice of Plaintiff's Death.  (Dkt. No. 30.)  The magistrate judge's order

15   explained further proceedings under Rule 25 of the Federal Rules of Civil

16   Procedure upon the death of Plaintiff.  Specifically, the order explained that a

17   motion for substitution of the proper party must be filed within 90 after service of

18   the order or service of the statement noting the death, whichever occurred later.

19   The order required Defendants in the other cases to serve a copy of the order on

20   Plaintiff's next of kin in this action and contained information regarding the

21   Federal Pro Se Clinic in Los Angeles, Santa Ana and Riverside.  (Dkt. No. 30.)

22   Defendants filed the notice to Plaintiff's next of kin.  (Dkt. No. 33.)

23          Rule 25 of the Federal Rules of Civil Procedure provides:   "If a party dies

24   and the claim is not extinguished, the court may order substitution of the proper

25   party.  A motion for substitution may be made by any party or by the decedent's

26   successor or representative.  If the motion is not made within 90 days after

27   service of a statement noting the death, the action by or against the decedent

28   must be dismissed."  Fed. R. Civ. P. 25(a)(1).  "A motion to substitute, together

1  with a notice of hearing, must be served on the parties as provided in Rule 5."
2  Fed. R. Civ. P. 25(a)(3).

3       The court must dismiss the lawsuit if a motion for substitution is not made
4  by any party or by the decedent's successor or representative within 90 days after
5  service of a statement noting the death.  Fed. R. Civ. P. 25(a)(1).  Rule 25(a)(1)
6  "requires two affirmative steps in order to trigger the running of the 90 day
7  period."  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  "First, a party must
8  formally suggest the death of the party upon the record."  *Id.*  That requirement is
9  satisfied by the Defendants' filing of the Notice of Death.  *Moss v. Entzel*, 2020
10  U.S. Dist. LEXIS 27294, *7 (C.D. Cal. Feb. 13, 2020).  "Second, the suggesting
11  party must serve other parties and nonparty successors or representatives of the
12  deceased with a suggestion of death in the same manner as required for service
13  of the motion to substitute."  *Barlow*, 39 F.3d at 233; *see Moss*, 2020 U.S Dist.
14  LEXIS 27294, *7 (proofs of service upon identified family members).  Although no
15  defendant had yet been served in this action, Defendants in Plaintiff's other two
16  actions satisfied this requirement.  (Dkt. No. 33.)

17       No one has filed a timely motion for substitution within 90 days after service
18  as required by Rule 25, and no one has requested an extension of time to do so.

19                                    **II.**
20                                  **ORDER**

21       For the reasons set forth above, IT IS ORDERED that this action is
22  dismissed without prejudice.  *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d
23  1090, 1096 (9th Cir. 2017).

26  DATED:  March 7, 2023
27                              _____
                                    VALERIE B. FAIRBANK
                                    United States District Judge

3