UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET, ROOM 180
LOS ANGELES, CALIFORNIA 90012

**OFFICIAL BUSINESS**



**RETURN TO SENDER
INMATE
DISCHARGED/INACTIVE**

FILED
CLERK, U.S. DISTRICT COURT

APR 11 2023

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

-R-T-S-  935395106-1N     04/04/23

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
RETURN TO SENDER





Case: 2:21cv1682   Doc: 34

Rondel Delbert Gardner CDCE-71905
California State Prison - LAC
PO Box 4610
Lancaster, CA 93539

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Message-Id:<35471418@cacd.uscourts.gov>Subject:Activity in Case 2:21-cv-01682-VBF-AGR Rondel Delbert Gardner v. Gavin Newsom et al Order Dismissing Case Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 3/8/2023 at 3:33 PM PST and filed on 3/7/2023

| | |
|---|---|
| Case Name: | Rondel Delbert Gardner v. Gavin Newsom et al |
| Case Number: | 2:21-cv-01682-VBF-AGR |
| Filer: | |

**WARNING: CASE CLOSED on 03/07/2023**

Document Number:  34

**Docket Text:**
**ORDER DISMISSING CASE by Judge Valerie Baker Fairbank: IT IS ORDERED that this action is dismissed without prejudice. See Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1096 (9th Cir. 2017). Case Terminated. Made JS-6. (shb)**

**2:21-cv-01682-VBF-AGR Notice has been electronically mailed to:**
**2:21-cv-01682-VBF-AGR Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**
Rondel Delbert Gardner
CDC E-71905
California State Prison - LAC
PO Box 4610
Lancaster CA 93539

Aya and any staff at CSP-Corcoran were dismissed without prejudice and without leave to amend; (2) the claims against Dr. Lee and Dr. Sorceress were dismissed without prejudice and without leave to amend; (3) the official capacity and individual capacity claims against Dr. Ola were dismissed with leave to amend; and (4) the individual capacity claims against Dr. Afra were dismissed with leave to amend. The Eighth Amendment claims against Dr. Hernandez in his official and individual capacities were not dismissed.

With respect to the claims that were dismissed with leave to amend, Plaintiff was given leave to file a Second Amended Complaint that cured the deficiencies identified in the court's order. (Dkt. No. 32.) Plaintiff did not file a Second Amended Complaint, and this action was never served on any defendant.

As explained in the magistrate judge's order dated June 27, 2022, Defendants in two other cases filed by the same Plaintiff filed, on June 24, 2022, a Notice of Plaintiff's Death. (Dkt. No. 30.) The magistrate judge's order explained further proceedings under Rule 25 of the Federal Rules of Civil Procedure upon the death of Plaintiff. Specifically, the order explained that a motion for substitution of the proper party must be filed within 90 after service of the order or service of the statement noting the death, whichever occurred later. The order required Defendants in the other cases to serve a copy of the order on Plaintiff's next of kin in this action and contained information regarding the Federal Pro Se Clinic in Los Angeles, Santa Ana and Riverside. (Dkt. No. 30.) Defendants filed the notice to Plaintiff's next of kin. (Dkt. No. 33.)

Rule 25 of the Federal Rules of Civil Procedure provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). "A motion to substitute, together

1  with a notice of hearing, must be served on the parties as provided in Rule 5."
2  Fed. R. Civ. P. 25(a)(3).
3        The court must dismiss the lawsuit if a motion for substitution is not made
4  by any party or by the decedent's successor or representative within 90 days after
5  service of a statement noting the death. Fed. R. Civ. P. 25(a)(1). Rule 25(a)(1)
6  "requires two affirmative steps in order to trigger the running of the 90 day
7  period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). "First, a party must
8  formally suggest the death of the party upon the record." *Id.* That requirement is
9  satisfied by the Defendants' filing of the Notice of Death. *Moss v. Entzel*, 2020
10 U.S. Dist. LEXIS 27294, *7 (C.D. Cal. Feb. 13, 2020). "Second, the suggesting
11 party must serve other parties and nonparty successors or representatives of the
12 deceased with a suggestion of death in the same manner as required for service
13 of the motion to substitute." *Barlow*, 39 F.3d at 233; *see Moss*, 2020 U.S Dist.
14 LEXIS 27294, *7 (proofs of service upon identified family members). Although no
15 defendant had yet been served in this action, Defendants in Plaintiff's other two
16 actions satisfied this requirement. (Dkt. No. 33.)
17       No one has filed a timely motion for substitution within 90 days after service
18 as required by Rule 25, and no one has requested an extension of time to do so.

## II.
## ORDER

21       For the reasons set forth above, IT IS ORDERED that this action is
22 dismissed without prejudice. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d
23 1090, 1096 (9th Cir. 2017).

26 DATED: March 7, 2023

*Valerie Baker Fairbank*
VALERIE B. FAIRBANK
United States District Judge